Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2403
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
EVELINE HENRIETTE ROSENBERRY

FILED

2007 NOV 16 A 10: 43

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

Fee Paid
$1
$5

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

C07  05822 PVT

| | |
|---|---|
| EVELINE HENRIETTE ROSENBERRY, | Case No. _____ |
| Plaintiff, | **COMPLAINT** |
| v. | **DEMAND FOR JURY TRIAL** |
| NATIONAL ENTERPRISE SYSTEMS, INC., an Ohio corporation, | 15 United States Code § 1692 *et seq.* California Civil Code § 1788 *et seq.* Invasion of Privacy |
| Defendant. | |

Plaintiff, EVELINE HENRIETTE ROSENBERRY (hereinafter "Plaintiff"), based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or her attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

## I. INTRODUCTION

1.    This is an action for actual damages, statutory damages, attorney fees and costs brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA") which prohibit debt collectors from engaging in abusive, deceptive and unfair practices. Plaintiff also seeks actual damages and punitive damages for Defendant's invasion of her privacy by intrusion upon seclusion.

2.    According to 15 U.S.C. § 1692:

-1-
COMPLAINT

a.    There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

b.    Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

c.    Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

d.    Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

e.    It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II. JURISDICTION

3.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

4.    This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## III. VENUE

5.    Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that the Defendant transacts business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

-2-

## IV.  INTRADISTRICT ASSIGNMENT

6.    This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

## V.  PARTIES

7.    Plaintiff, EVELINE HENRIETTE ROSENBERRY (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California.  Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h) and a "senior citizen" within the meaning of Cal. Civil Code § 1761(f).

8.    Defendant, NATIONAL ENTERPRISE SYSTEMS, INC. (hereinafter "NES"), is an Ohio corporation engaged in the business of collecting debts in this state with its principal place of business located at: 29125 Solon Road, Solon, Ohio 44139-3442.  NES may be served as follows: National Enterprise Systems, Inc., c/o CT Corporation System, Agent for Service of Process, 818 West Seventh Street, Los Angeles, California 90017.  The principal business of NES is the collection of debts using the mails and telephone, and NES regularly attempts to collect debts alleged to be due another.  NES is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

## VI.  FACTUAL ALLEGATIONS

9.    On a date or dates unknown to Plaintiff, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes, namely a consumer credit account issued by Sears (hereinafter "the debt").  The financial obligation owed to Sears by Plaintiff is a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

10.    Plaintiff is informed and believes, and thereon alleges that sometime thereafter on a date unknown to Plaintiff, the debt was sold, assigned or otherwise transferred to LVNV Funding, LLC.

11.    Sometime thereafter on a date unknown to Plaintiff, the debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

12.    Thereafter, Defendant sent a collection letter (Exhibit "1") to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

13.    A true and accurate copy of the collection letter from Defendant to Plaintiff is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

14.    The collection letter (Exhibit "1") is dated November 29, 2006.

15.    Thereafter, Defendant made several telephone calls to Plaintiff which were each a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

16.    Defendant knew or should have known that its conduct was directed towards a senior citizen.

17.    On or about November 29, 2006, Defendant recorded the following automated message on Plaintiff's answering machine:

493-0064. Again, this is Lisa Martin, the number is 1-800-493-0064.

18.    On or about November 29, 2006, an employee of Defendant recorded the following message on Plaintiff's answering machine:

Hello, I'm calling to reach Eveline Rosenberry. My name is Victoria Dagget. I'm giving you a [inaudible] call to advise you that your claim is been forwarded up to the claims office. My return number is 1-800-530-9590. Office is 1062. That's 1-800-530-9590, office 1062. Due to the fact there have been several attempts to reach you, several notifications sent out to you, you have refused to respond or cooperate. Your claim will be processed in 24 hours if you do fail to respond at this time. My return number is 1-800-530-9590, office extension is 1062. That's 1-800-530-9590; office 1062. When calling back refer to claim 5040145-CA-3413. That's 5040145-CA-3413.

19.    On or about November 30, 2006, Defendant recorded the following automated message on Plaintiff's answering machine:

0064. Again, this is Jim Martin and the number is 1-800-493-0064.

20.    On or about November 30, 2006, Defendant recorded the following automated message on Plaintiff's answering machine:

0064. Again, this is Jim Martin and the number is 1-800-493-0064.

21.    On or about November 30, 2006, Defendant recorded the following automated message on Plaintiff's answering machine:

-4-
COMPLAINT

1    493-0064. Again, this is Lisa Martin, the number is 1-800-493-0064.

2    22.    On or about December 1, 2006, Defendant recorded the following automated

3  message on Plaintiff's answering machine:

4    00-235-4153. Again, this is Pat Martin and the number is 1-800-235-4153.

5    23.    Plaintiff received Defendant's collection letter (Exhibit "1") on or about

6  December 2, 2006.

7    24.    On or about December 2, 2006, an employee of Defendant recorded the

8  following message on Plaintiff's answering machine:

9    Hello, this is a very important message for Eveline Rosenberry. This is Ryan
    Adams. Need you to please return my call at 1-800-493-0064, extension 1081.
10    Please do not disregard this message. You need to call me immediately.

11    25.    On or about December 2, 2006, Defendant recorded the following automated

12  message on Plaintiff's answering machine:

13    493-0064. Again this is Lisa Martin, the number is 1-800-493-0064.

14    26.    On or about December 4, 2006, Defendant recorded the following automated

15  message on Plaintiff's answering machine:

16    493-0064. Again, this is Lisa Martin. The number is 1-800-493-0064.

17    27.    On or about December 4, 2006, Defendant recorded the following automated

18  message on Plaintiff's answering machine:

19    00-235-4153. Again, this is Pat Martin and the number is 1-800-235-4153.

20    28.    On or about December 5, 2006, Defendant recorded the following automated

21  message on Plaintiff's answering machine:

22    0064. Again, this is Jim Martin and the number is 1-800-493-0064.

23    29.    On or about December 5, 2006, Defendant recorded the following automated

24  message on Plaintiff's answering machine:

25    0064. Again, this is Jim Martin and the number is 1-800-493-0064.

26    30.    On or about December 5, 2006, Defendant recorded the following automated

27  message on Plaintiff's answering machine:

28    493-0064. Again, this is Lisa Martin. The number is 1-800-493-0064.

31.     On or about December 6, 2006, Defendant recorded the following automated message on Plaintiff's answering machine:

493-0064. Again, this is Lisa Martin. The number is 1-800-493-0064.

32.     On or about December 6, 2006, Defendant recorded the following automated message on Plaintiff's answering machine:

493-0064. Again, this is Lisa Martin. The number is 1-800-493-0064.

33.     On or about December 7, 2006, Defendant recorded the following automated message on Plaintiff's answering machine:

493-0064. Again, this is Lisa Martin. The number is 1-800-493-0064.

34.     On or about December 7, 2006, an employee of Defendant recorded the following message on Plaintiff's answering machine:

Eveline Rosenberry this is Kay Underwood. I need to speak to you immediately. You can reach me in my office toll free 1-800-493-0064, extension 1237. Please do not disregard this call.

35.     On or about December 7, 2006, Defendant recorded the following automated message on Plaintiff's answering machine:

0064. Again, this is Jim Martin and the number is 1-800-493-0064.

36.     On or about December 7, 2006, Defendant recorded the following automated message on Plaintiff's answering machine:

0064. Again, this is Jim Martin and the number is 1-800-493-0064.

37.     On or about December 8, 2006, Defendant recorded the following automated message on Plaintiff's answering machine:

493-0064. Again, this is Lisa Martin. The number is 1-800-493-0064.

38.     On or about December 8, 2006, Defendant recorded the following automated message on Plaintiff's answering machine:

098. Again, that number is 1-866-239-6098. Please return my call. Thank you.

39.     On or about December 10, 2006, Defendant recorded the following automated message on Plaintiff's answering machine:

493-0064. Again, this is Lisa Martin. The number is 1-800-493-0064.

40.    On or about December 11, 2006, Defendant recorded the following automated

message on Plaintiff's answering machine:

493-0064. Again, this is Lisa Martin. The number is 1-800-493-0064.

41.    On or about December 11, 2006, an employee of Defendant recorded the

following message on Plaintiff's answering machine:

Rosenberry, I have received a matter in my office in regards to you. It will be in
your best interest to contact me in regards to your file. Your file number is 08634-
1Y. You can reach me, Maxine Davis, at 1-800-235-4153. This will prompt you
from my extension, which is 1720. This is a time sensitive matter that does require
your immediate attention. Good day.

42.    On or about December 12, 2006, an employee of Defendant recorded the

following message on Plaintiff's answering machine:

Yes, hi. This urgent message is for Eveline Rosenberry. This is Mr. Parish, your
case manager. I am calling from the office of NES regarding your final review here
today. And I do think it would be in your best interest, Eveline, to return my call
immediately to my office at 800-882-9325, extension 1700. Now, Eveline, this is a
time sensitive matter, ma'am, which means I do need to hear from you in my office
today, ma'am. Thank you.

43.    On or about December 12, 2006, Defendant recorded the following automated

message on Plaintiff's answering machine:

00-235-4153. Again, this is Pat Martin and the number is 1-800-235-4153.

44.    On or about December 12, 2006, Defendant recorded the following automated

message on Plaintiff's answering machine:

493-0064. Again, this is Lisa Martin. The number is 1-800-493-0064.

45.    On or about December 13, 2006, Defendant recorded the following automated

message on Plaintiff's answering machine:

493-0064. Again, this is Lisa Martin. The number is 1-800-493-0064.

46.    On or about December 14, 2006, Defendant recorded the following automated

message on Plaintiff's answering machine:

00-235-4153. Again, this is Pat Martin and the number is 1-800-235-4153.

47.    On or about December 14, 2006, Defendant recorded the following automated

message on Plaintiff's answering machine:

-7-
COMPLAINT

1     493-0064. Again, this is Lisa Martin. The number is 1-800-493-0064.

2         48.    On or about December 15, 2006, an employee of Defendant recorded the

3 following message on Plaintiff's answering machine:

4     Eveline. My name is Robert Harris. It is extremely important that you reach me at
    my office today. My telephone number is 1-800-530-9590. My direct extension is

5     1199.

6         49.    On or about December 18, 2006, Defendant recorded the following automated

7 message on Plaintiff's answering machine:

8     493-0064. Again, this is Lisa Martin. The number is 1-800-493-0064.

9         50.    On or about December 18, 2006, Defendant recorded the following automated

10 message on Plaintiff's answering machine:

11     H. Rosenberry. Please hang up or delete this message now. By continuing to listen
    to this message you are acknowledging you are Eveline H. Rosenberry. This is Bob

12     from National Enterprise Systems, a debt collection company. This is an attempt to
    collect a debt. Any information obtained will be used for that purpose. Please

13     contact me about an important business matter. Call 1-800-493-0064. Again, you
    contact me at 1-800-493-0064. Thank you.

14

15         51.    On or about December 20, 2006, Defendant recorded the following automated

16 message on Plaintiff's answering machine:

17     0064. Again, this is Jim Martin and the number is 1-800-493-0064.

18         52.    On or about December 21, 2006, Defendant recorded the following automated

19 message on Plaintiff's answering machine:

20     H. Rosenberry. Please hang up or delete this message now. By continuing to listen
    to this message you are acknowledging you are Eveline H. Rosenberry. This is Bob

21     from National Enterprise Systems, a debt collection company. This is an attempt to
    collect a debt. Any information obtained will be used for that purpose. Please

22     contact me about an important business matter. Call 1-800-493-0064. Again, you
    contact me at 1-800-493-0064. Thank you.

23

24         53.    On or about December 22, 2006, Defendant recorded the following automated

25 message on Plaintiff's answering machine:

26     H. Rosenberry. Please hang up or delete this message now. By continuing to listen
    to this message you are acknowledging you are Eveline H. Rosenberry. This is Bob

27     from National Enterprise Systems, a debt collection company. This is an attempt to
    collect a debt. Any information obtained will be used for that purpose. Please

28     contact me about an important business matter. Call 1-800-493-0064. Again, you

1    contact me at 1-800-493-0064. Thank you.

2        54.    On or about December 22, 2006, Defendant recorded the following automated

3    message on Plaintiff's answering machine:

4        H. Rosenberry. Please hang up or delete this message now. By continuing to listen
         to this message you are acknowledging you are Eveline H. Rosenberry. This is Bob
5        from National Enterprise Systems, a debt collection company. This is an attempt to
         collect a debt. Any information obtained will be used for that purpose. Please
6        contact me about an important business matter. Call 1-800-493-0064. Again, you
         contact me at 1-800-493-0064. Thank you.
7

8        55.    On or about December 23, 2006, Defendant recorded the following automated

9    message on Plaintiff's answering machine:

10       H. Rosenberry. Please hang up or delete this message now. By continuing to listen
         to this message you are acknowledging you are Eveline H. Rosenberry. This is Bob
11       from National Enterprise Systems, a debt collection company. This is an attempt to
         collect a debt. Any information obtained will be used for that purpose. Please
12       contact me about an important business matter. Call 1-800-493-0064. Again, you
         contact me at 1-800-493-0064. Thank you.
13

14       56.    On or about December 23, 2006, Defendant recorded the following automated

15   message on Plaintiff's answering machine:

16       H. Rosenberry. Please hang up or delete this message now. By continuing to listen
         to this message you are acknowledging you are Eveline H. Rosenberry. This is Bob
17       from National Enterprise Systems, a debt collection company. This is an attempt to
         collect a debt. Any information obtained will be used for that purpose. Please
18       contact me about an important business matter. Call 1-800-493-0064. Again, you
         contact me at 1-800-493-0064. Thank you.
19

20       57.    Defendant failed to disclose Defendant's identity and the nature of

21   Defendant's business in each of its answering machine messages, in violation of 15 U.S.C. §

22   1692d(6) and Cal. Civil Code § 1788.11(b). See *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.

23   Supp. 2d 1104, 1112, 1118 (C.D. Cal. 2005).

24       58.    Defendant failed to disclose that its answering machine messages were

25   communications from a debt collector, in violation of 15 U.S.C. § 1692e(11). See *Hosseinzadeh v.*

26   *M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1116 (C.D. CA 2005); *Foti v. NCO Financial*

27   *Systems, Inc.*, 424 F. Supp. 2d 643, 669 (S.D.N.Y. 2006).

28       59.    Defendant's answering machine messages were designed to instill a false

-9-

COMPLAINT

1    sense of urgency in the listener.

2        60.    Defendant caused Plaintiff's telephone to ring repeatedly or continuously with

3    the intent to annoy, abuse or harass Plaintiff.

4        61.    Defendant caused Plaintiff's telephone to ring with such frequency as to be

5    unreasonable and constitute harassment to Plaintiff under the circumstances.

6        62.    As a consequence of Defendant's collection activities and communications,

7    Plaintiff has suffered economic loss, loss of self-esteem and peace of mind, and has suffered

8    emotional distress, humiliation and embarrassment.

9        63.    As a senior citizen subjected to Defendant's abusive, deceptive and unfair

10    collection practices, Plaintiff is entitled to treble damages pursuant to Cal. Civil Code § 3345.

11    **VII.  CLAIMS**

12    **FAIR DEBT COLLECTION PRACTICES ACT**

13        64.    Plaintiff brings the first claim for relief against Defendant under the Federal

14    Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

15        65.    Plaintiff repeats, realleges, and incorporates by reference paragraphs 1

16    through 63 above.

17        66.    Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. §

18    1692a(3).

19        67.    Defendant, NES, is a "debt collector" as that term is defined by the FDCPA,

20    15 U.S.C. § 1692a(6).

21        68.    The financial obligation owed by Plaintiff is a "debt" as that term is defined

22    by the FDCPA, 15 U.S.C. § 1692a(5).

23        69.    Defendant's answering machine messages described above violate the

24    FDCPA.  The violations include, but are not limited to, the following:

25        a.    Defendant falsely represented the legal status of the debt owed by

26        Plaintiff, in violation of 15 U.S.C. § 1692e(2)(A);

27        b.    Defendant caused Plaintiff's telephone to ring or repeatedly or

28        continuously with intent to annoy, abuse, or harass Plaintiff, in

-10-

COMPLAINT

1                               violation of 15 U.S.C. § 1692d(5);

2               c.      Defendant caused Plaintiff's telephone to ring with such frequency

3                     as to be unreasonable and constitute harassment to Plaintiff under the

4                     circumstances, in violation of 15 U.S.C. § 1692d(5);

5               d.      Defendant failed to disclose Defendant's identity and the nature of

6                     Defendant's business, in violation of 15 U.S.C. § 1692d(6);

7               e.      Defendant designed its telephone messages to instill a false sense of

8                     urgency in the listener, in violation of 15 U.S.C. §§ 1692e and

9                     1692e(10); and

10             f.      Defendant failed to disclose that the communications were from a

11                     debt collector, in violation of 15 U.S.C. § 1692e(11).

12        70.      Defendant's acts as described above were done intentionally with the purpose

13 of coercing Plaintiff to pay the debt.

14         71.      As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an

15 award of actual damages, statutory damages, costs and reasonable attorneys fees, pursuant to 15

16 U.S.C. § 1692k.

17                **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

18         72.      Plaintiff brings the second claim for relief against Defendant under the

19 Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

20         73.      Plaintiff repeats, realleges, and incorporates by reference paragraphs 1

21 through 71 above.

22         74.      Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code

23 § 1788.2(h).

24         75.      Defendant, NES, is a "debt collector" as that term is defined by the RFDCPA,

25 Cal. Civil Code § 1788.2(c).

26         76.      The financial obligation owed by Plaintiff is a "consumer debt" as that term

27 is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

28         77.      Defendant's answering machine messages described above violate the

COMPLAINT

1  RFDCPA. The violations include, but are not limited to, the following:

2      a.  Defendant falsely represented the legal status of the debt owed by

3          Plaintiff, in violation of 15 U.S.C. § 1692e(2)(A), as incorporated by

4          Cal. Civil Code § 1788.17;

5      b.  Defendant caused Plaintiff's telephone to ring or repeatedly or

6          continuously with intent to annoy, abuse, or harass Plaintiff, in

7          violation of 15 U.S.C. § 1692d(5), as incorporated by Cal. Civil Code

8          § 1788.17 and Cal. Civil Code § 1788.11(d);

9      c.  Defendant caused Plaintiff's telephone to ring with such frequency

10          as to be unreasonable and constitute harassment to Plaintiff under the

11          circumstances, in violation of 15 U.S.C. § 1692d(5), as incorporated

12          by Cal. Civil Code § 1788.17 and Cal. Civil Code § 1788.11(e);

13      d.  Defendant failed to disclose Defendant's identity and the nature of

14          Defendant's business, in violation of 15 U.S.C. § 1692d(6), as

15          incorporated by Cal. Civil Code § 1788.17 and Cal. Civil Code §

16          1788.11(b);

17      e.  Defendant designed its telephone messages to instill a false sense of

18          urgency in the listener, in violation of 15 U.S.C. §§ 1692e and

19          1692e(10), as incorporated by Cal. Civil Code § 1788.17; and,

20      f.  Defendant failed to disclose that the communications were from a

21          debt collector, in violation of 15 U.S.C. § 1692e(11), as incorporated

22          by Cal. Civil Code § 1788.17 and Cal. Civil Code 1788.11(b).

23      78.  Defendant's acts as described above were done willfully and knowingly with

24  the purpose of coercing Plaintiff to pay the debt, within the meaning of Cal. Civil Code §

25  1788.30(b).

26      79.  As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to

27  an award of her actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code

28  § 1788.30(a).

80.     As a result of Defendant's willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

81.     As a result of the Defendant's violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code § 1788.17.

82.     As a result of the Defendant's violations of the RFDCPA, Plaintiff is entitled to an award of her reasonable attorney's fees and costs pursuant to Cal. Civil Code § 1788.30(c) and 15 U.S.C. § 1692k(a)(3), as incorporated by Cal. Civil Code § 1788.17.

83.     Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

84.     Plaintiff brings the third claim for relief against Defendant for common law Invasion of Privacy by Intrusion Upon Seclusion.

85.     Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 83 above.

86.     Plaintiff had a reasonable expectation of privacy in her solitude, seclusion and private concerns or affairs while in her home.

87.     Defendant intentionally intruded into Plaintiff's home by using an automated device which repeatedly caused Plaintiff's telephone to ring.

88.     These intrusions and invasions by Defendant occurred in a way that would be highly offensive to a reasonable person in Plaintiff's position.

89.     Defendant intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting the debt thereby invading and intruding upon Plaintiff's right to privacy, solitude and seclusion.

90.     Defendant's conduct was a substantial factor in causing Plaintiff's harm.

91.     Plaintiff has been harmed by Defendant's invasion of privacy and has been

-13-

COMPLAINT

1  damaged as a result of the invasion of privacy by Defendant, including but not limited to: emotional

2  distress, loss of sleep, loss of enjoyment of life, humiliation, stress, crying, lack of concentration,

3  anxiety and embarrassment by such invasions of her privacy by Defendant.

4         92.    As a result of such invasions of privacy, Plaintiff is entitled to actual damages

5  and punitive damages in an amount to be determined at trial.

6  ### VIII.  REQUEST FOR RELIEF

7  Plaintiff requests that this Court:

8  a.    Assume jurisdiction in this proceeding;

9  b.    Declare that Defendant's answering machine messages violated the Fair Debt

10  Collection Practices Act, 15 U.S.C. §§ 1692d(5), 1692d(6), 1692e, 1692e(2)(A),

11  1692e(10) and 1692e(11);

12  c.    Declare that Defendant's answering machine messages violated the Rosenthal Fair

13  Debt Collection Practices Act, Cal. Civil Code §§ 1788.11(b), 1788.11(d),

14  1788.11(e) and 1788.17;

15  d.    Award Plaintiff her actual damages in an amount to be determined at trial, pursuant

16  to 15 U.S.C. § 1692k(a)(1) and Cal. Civil Code § 1788.30(a);

17  e.    Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to

18  15 U.S.C. § 1692k(a)(2)(A);

19  f.    Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than

20  $1,000 pursuant to Cal. Civil Code § 1788.30(b);

21  g.    Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to

22  15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code §1788.17;

23  h.    Award Plaintiff her actual damages and punitive damages in an amount to be

24  determined at trial for Defendant's invasions of Plaintiff's privacy;

25  i.    Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15

26  U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17 and 1788.30(c);

27  j.    Award Plaintiff treble damages pursuant to Cal. Civil Code § 3345; and

28  k.    Award Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
    Fred W. Schwinn, Esq.
    Attorney for Plaintiff
    EVELINE HENRIETTE
    ROSENBERRY

## CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, EVELINE HENRIETTE ROSENBERRY, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

-15-
COMPLAINT



NATIONAL ENTERPRISE SYSTEMS
29125 Solon Road • Solon, OH 44139-3442

November 29, 2006

Eveline H Rosenberry 05040145 4996
750 Fairmont Ave Apt 3
Mountain View CA 94041-2049

Previous Creditor: SEARS
Account #:         197322814
Current Creditor:  LVNV FUNDING LLC
Account #:         5049941154513409
Date of Referral:  11/28/06
Date of Service:   06/01/94

Please contact:
(800) 493-0064

**Total Amount Due: $1,418.72**

LVNV FUNDING LLC has purchased the above referenced account from the above referenced Previous Creditor. LVNV FUNDING LLC has placed your account with this agency for collection. This is a communication from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

As of the date of this letter, you owe the above referenced balance. Because of interest charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write this office or call the above referenced number.

You can now pay by automated phone system at (866) 294-0188 or on the internet at www.nesi.paymybill.com. Just enter your account number 05040145. Transaction fees will be charged if you use the automated phone system or the internet to make payment on this account. You are not required to use the automated phone system or the internet to make payment on this account. If you make payment on this account by check, the face amount of the check may be presented to your bank by paper draft or electronically as permitted by law.

Enclosed you will find a copy of the Privacy Notice of LVNV FUNDING LLC that LVNV FUNDING LLC has asked us to provide to you.

44DAKS1168401

*NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION*

***PLEASE COMPLETE , DETACH AND RETURN THE FORM BELOW WITH YOUR PAYMENT.***



DAKS1168
PO Box 1022
Wixom MI 48393-1022
ADDRESS SERVICE REQUESTED

Daytime Phone:   (____) _____ - _____

Evening Phone:   (____) _____ - _____

☐ Enclosed is Payment in Full

114

Please forward all payments and correspondence to:
NATIONAL ENTERPRISE SYSTEMS
29125 Solon Road
Solon  OH  44139-3442

#BWNHRMD    338633    10342
#1129 0411 0010 3421#    -401

*PERSONAL & CONFIDENTIAL*
Eveline H Rosenberry
750 Fairmont Ave Apt 3
Mountain View CA 94041-2049



EXHIBIT
1

November 29, 2006      05040145         4J
Client ID:     5049941154513409
Amount Due:    $1,418.72    Amt Paid    $_____

**California Residents:**
The state Rosenthal Fair Debt Collection Practices Act and the Federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-Help or www.ftc.gov.

**Colorado Residents:**
FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.AGO.STATE.CO.US/CADC/CADCMAIN.CFM.

**Maine Residents:**
Office Hours: M-Th 8:00 AM – 9:00 PM EST, Fri 8:00 AM – 5:00 PM EST, Sat 8:00 AM – 12:00 noon EST.

**Massachusetts Residents:**
Office Hours: M-Th 8:00 AM – 9:00 PM EST, Fri 8:00 AM – 5:00 PM EST, Sat 8:00 AM – 12:00 noon EST.
Massachusetts Address: 15 Union Street, Lawrence, MA 01840.

NOTICE OF IMPORTANT RIGHTS: YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR.

**Minnesota Residents:**
This collection agency is licensed by the Minnesota Department of Commerce.

**New York City Residents:**
New York City Department of Consumer Affairs License Number: 1129025

**North Carolina Residents:**
North Carolina Permit Number: 3445

**Tennessee Residents:**
This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

**Wisconsin Residents:**
This collection agency is licensed by the Office of the Administrator of the Division of Banking, P.O. Box 7876, Madison, Wisconsin 53707.

## PRIVACY NOTICE

This Privacy Notice is being given on behalf of each of the following related companies (the "Sherman Companies"). It describes the general policy of the Sherman Companies regarding the personal information of customers and former customers.

| | | |
|---|---|---|
| Sherman Acquisition LP | Sherman Acquisition L.L.C. | Ascent Card Services, LLC |
| Resurgent Capital Services L.P. | FNBM, LLC | LVNV Funding LLC |
| | | Ascent Card Services II, LLC |

**Information We May Collect.** The Sherman Companies may collect the following personal information: (1) information that we receive from your account file at the time we purchase or begin to service your account, such as your name, address, social security number, and assets; (2) information that you may give us through discussion with you, or that we may obtain through your transactions with us, such as your income and payment history; (3) information that we receive from consumer reporting agencies, such as your creditworthiness and credit history, and (4) information that we obtain from other third party information providers, such as public records and databases that contain publicly available data about you, such as bankruptcy and mortgage filings. All of the personal information that we collect is referred to in this notice as "collected information".

**Confidentiality and Security of Collected Information.** At the Sherman Companies, we restrict access to collected information about you to individuals who need to know such collected information in order to perform services in connection with your account. We maintain physical safeguards (like restricted access), electronic safeguards (like encryption and password protection), and procedural safeguards (such as authentication procedures) to protect collected information about you.

**Sharing Collected Information with Affiliates and Third Parties**

**Sharing With Affiliates.** From time to time, the Sherman Companies may share collected information about customers and former customers with each other and with their affiliated financial services companies in connection with administering and collecting accounts.

**Sharing with Third Parties.** The Sherman Companies do not share collected information about customers or former customers with third parties, except as permitted by applicable privacy law. For example, collected information may be shared in certain circumstances (A) with third parties, to service or enforce accounts, (B) with credit reporting agencies, and (C) with law enforcement officials, to protect against fraud or other crimes.

**Special Notice Regarding Collected Information Subject to the Fair Debt Collection Practices Act.**
This Privacy Notice is being sent to you by the Sherman Companies in accordance with federal privacy law, and it describes our privacy practices generally. However, please be assured that collected information that is received or used for purposes of collecting a debt subject to the Fair Debt Collection Practices Act is communicated only in accordance with that Act.

DAKS1168
PO Box 1022
Wixom MI 48393-1022
ADDRESS SERVICE REQUESTED

#BWNHRMD  338633    10342
#1129 0411 0010 3421#      -401
ll.l..l.l..lll..l..l..l.ll.l.
ll..l.l.l.lll.l...lll.....l.l.ll
*PERSONAL & CONFIDENTIAL*
Eveline H Rosenberry
750 Fairmont Ave Apt 3
Mountain View CA 94041-2049



PRESORTED
FIRST CLASS

NOV 29'06

U.S. Postage
0.308