1  Mark E. Ellis – 127159
   mellis@ecplslaw.com
2  Wendy D. Vierra – 210058
   wvierra@ecplslaw.com
3  Ellis, Coleman, Poirier, LaVoie, & Steinheimer LLP
   555 University Avenue, Suite 200
4  Sacramento, CA 95825
   Telephone:    (916) 283-8820
5  Facsimile:    (916) 283-8821

6  Attorneys for Defendant
   National Enterprise Systems, Inc.
7

8                 UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10                    SAN JOSE DIVISION

11

12  EVELINE HENRIETTE ROSENBERRY,            Case No.: C07 05822PVT

13          Plaintiff,                       **ANSWER TO COMPLAINT**

14  v.                                       **DEMAND FOR JURY TRIAL**

15  NATIONAL ENTERPRISE SYSTEMS, INC., an
    Ohio corporation,
16
            Defendants.
17

18      Defendant National Enterprise Systems, Inc. ("Defendant"), by counsel, states as follows for its

19  Answer to the Complaint filed against it by Plaintiff Eveline Henriette Rosenberry ("Plaintiff"):

20

21      1.      As to Paragraph 1, Defendant denies that it violated the federal Fair Debt Collection

22  Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, or violated the California Rosenthal Fair Debt

23  Collection Practices ("Rosenthal FDCPA"), California Civil Code §§ 1788, *et seq.*  Defendant admits

24  only that the Acts referenced do prohibit debt collectors from engaging in abusive, deceptive, and

25  unfair practices, as set forth in the Acts.  Defendant is without sufficient knowledge to form a belief as

26  to the truth of the remaining allegations contained in paragraph 1 of the Complaint, and therefore

27  denies said allegations.

28  / / / /

2.      As to Paragraph 2, Defendant admits to the contents of the Fair Debt Collection Practices Act.  All other allegations contained in paragraph 2 of the Complaint are denied.

3.      As to Paragraph 3, Defendant admits that this Court has subject matter jurisdiction over Plaintiff's federal claims.  Defendant denies that supplemental jurisdiction should be afforded to the state law cause of action.  Defendant further denies that declaratory relief is available in this action.  Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 3 of the Complaint, and therefore denies said allegations.

4.      As to Paragraph 4, Defendant denies that it violated the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*.

5.      As to Paragraph 5, Defendant denies each and every allegation of this paragraph.

6.      As to Paragraph 6, Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 6 of the Complaint, and therefore denies said allegations.

7.      As to Paragraph 7, Defendant admits that Plaintiff is a natural person.  As to whether Plaintiff currently resides in Santa Clara County, California, Defendant lacks information or belief to enable it to form a belief as to the truth of the allegation, and on that basis denies this allegation.  Defendant lacks information or belief to enable it to admit or deny whether Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3), a "debtor" within the meaning of Cal. Civil Code § 1788.2(h), or a "senior citizen" for purposes of Cal. Civil Code §1761(f).  Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 7 of Plaintiff's Complaint, and therefore denies said allegations.

8.      As to Paragraph 8, Defendant admits that Defendant is an Ohio corporation doing business at 29125 Solon Road, Solon, Ohio 44139-3442.  Admitted that Defendant may be served as National Enterprise Systems, Inc., c/o CT Corporation System, Agent for Service of Process, 818 West Seventh Street, Los Angeles, California, 90017.  Admitted that the principal business of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.  Admitted that under certain circumstances, Defendant may be a "debt collector" as that term is defined in the Fair Debt Collection Practices Act and the California Civil

ANSWER TO COMPLAINT - C07 05822PVT

1  Code.

2       9.    As to Paragraph 9, Defendant admits that Plaintiff had a Sears branded credit card

3  account.  Defendant is without sufficient knowledge to form a belief as to the truth of the remaining

4  allegations contained in paragraph 9 of Plaintiff's Complaint, and therefore denies said allegations.

5       10.   As to Paragraph 10, Defendant admits that the original account was at assigned to

6  LVNV Funding, LLC.  All other allegations in paragraph 10 of the Complaint are denied.

7       11.   As to Paragraph 11, Defendant admits that Defendant was retained to collect on the

8  account.  All other allegations in paragraph 11 of the Complaint are denied.

9       12.   As to Paragraph 12, Defendant admits that Defendant attempted to collect on the

10 account by sending a collection letter.  Defendant submits the letter is the best evidence of what it

11 states and therefore denies any characterization of the letter by Plaintiff.  Except as so admitted or

12 denied, Defendant denies each and every remaining allegation of Paragraph 12.

13      13.   As to Paragraph 13, Defendant admits that Exhibit 1 to Plaintiff's Complaint is a

14 collection letter from Defendant.   All other allegations in paragraph 13 of the Complaint are denied.

15      14.   As to Paragraph 14, Defendant admits that Exhibit 1 to Plaintiff's Complaint is dated

16 November 29, 2006.  All other allegations in paragraph 14 of the Complaint are denied.

17      15.   As to Paragraph 15, Defendant admits that Defendant telephoned Plaintiff in an attempt

18 to collect on an account.  Admitted that the telephone call was a "communication" as that term is

19 defined by the Fair Debt Collection Practices Act.  Defendant is without sufficient knowledge to form

20 a belief as to the truth of the remaining allegations contained in paragraph 15 of Plaintiff's Complaint,

21 and therefore denies said allegations.

22      16.   As to Paragraph 16, Defendant denies that it violated the federal Fair Debt Collection

23 Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*.

24      17.   As to Paragraph 17, Defendant admits that on or about November 29, 2006, Defendant

25 telephoned Plaintiff in an attempt to collect on an account.  Defendant is without sufficient knowledge

26 to form a belief as to the truth of the remaining allegations contained in paragraph 17 of the Complaint,

27 and therefore denies said allegations.

28 / / / /

18.    As to Paragraph 18, Defendant admits that on or about November 29, 2006, Defendant telephoned Plaintiff in an attempt to collect on an account.  Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 18 of the Complaint, and therefore denies said allegations.

19.    As to Paragraph 19, Defendant admits that on or about November 30, 2006, Defendant telephoned Plaintiff in an attempt to collect on an account.  Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 19 of the Complaint, and therefore denies said allegations.

20.    As to Paragraph 20, Defendant admits that on or about November 30, 2006, Defendant telephoned Plaintiff in an attempt to collect on an account.  Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 20 of the Complaint, and therefore denies said allegations.

21.    As to Paragraph 21, Defendant admits that on or about November 30, 2006, Defendant telephoned Plaintiff in an attempt to collect on an account.  Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 21 of the Complaint, and therefore denies said allegations.

22.    As to Paragraph 22, Defendant admits that on or about December 1, 2006, Defendant telephoned Plaintiff in an attempt to collect on an account.  Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 22 of the Complaint, and therefore denies said allegations.

23.    As to Paragraph 23, Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint, and therefore denies said allegations.

24.    As to Paragraph 24, Defendant admits that on or about December 2, 2006, Defendant telephoned Plaintiff in an attempt to collect on an account.  Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 24 of the Complaint, and therefore denies said allegations.

/ / / /

25.    As to Paragraph 25, Defendant admits that on or about December 2, 2006, Defendant telephoned Plaintiff in an attempt to collect on an account.  Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 25 of the Complaint, and therefore denies said allegations.

26.    As to Paragraph 26, Defendant admits that on or about December 4, 2006, Defendant telephoned Plaintiff in an attempt to collect on an account.  Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 26 of the Complaint, and therefore denies said allegations.

27.    As to Paragraph 27, Defendant admits that on or about December 4, 2006, Defendant telephoned Plaintiff in an attempt to collect on an account.  Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 27 of the Complaint, and therefore denies said allegations.

28.    As to Paragraph 28, Defendant admits that on or about December 5, 2006, Defendant telephoned Plaintiff in an attempt to collect on an account.  Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 28 of the Complaint, and therefore denies said allegations.

29.    As to Paragraph 29, Defendant admits that on or about December 5, 2006, Defendant telephoned Plaintiff in an attempt to collect on an account.  Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 29 of the Complaint, and therefore denies said allegations.

30.    As to Paragraph 30, Defendant admits that on or about December 5, 2006, Defendant telephoned Plaintiff in an attempt to collect on an account.  Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 30 of the Complaint, and therefore denies said allegations.

31.    As to Paragraph 31, Defendant admits that on or about December 6, 2006, Defendant telephoned Plaintiff in an attempt to collect on an account.  Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 31 of the Complaint, and therefore denies said allegations.

ANSWER TO COMPLAINT - C07 05822PVT

1    32.    As to Paragraph 32, Defendant admits that on or about December 6, 2006, Defendant

2    telephoned Plaintiff in an attempt to collect on an account.  Defendant is without sufficient knowledge

3    to form a belief as to the truth of the remaining allegations contained in paragraph 32 of the Complaint,

4    and therefore denies said allegations.

5    33.    As to Paragraph 33, Defendant admits that on or about December 7, 2006, Defendant

6    telephoned Plaintiff in an attempt to collect on an account.  Defendant is without sufficient knowledge

7    to form a belief as to the truth of the remaining allegations contained in paragraph 33 of the Complaint,

8    and therefore denies said allegations.

9    34.    As to Paragraph 34, Defendant admits that on or about December 7, 2006, Defendant

10    telephoned Plaintiff in an attempt to collect on an account.  Defendant is without sufficient knowledge

11    to form a belief as to the truth of the remaining allegations contained in paragraph 34 of the Complaint,

12    and therefore denies said allegations.

13    35.    As to Paragraph 35, Defendant admits that on or about December 7, 2006, Defendant

14    telephoned Plaintiff in an attempt to collect on an account.  Defendant is without sufficient knowledge

15    to form a belief as to the truth of the remaining allegations contained in paragraph 35 of the Complaint,

16    and therefore denies said allegations.

17    36.    As to Paragraph 36, Defendant admits that on or about December 7, 2006, Defendant

18    telephoned Plaintiff in an attempt to collect on an account.  Defendant is without sufficient knowledge

19    to form a belief as to the truth of the remaining allegations contained in paragraph 36 of the Complaint,

20    and therefore denies said allegations.

21    37.    As to Paragraph 37, Defendant admits that on or about December 8, 2006, Defendant

22    telephoned Plaintiff in an attempt to collect on an account.  Defendant is without sufficient knowledge

23    to form a belief as to the truth of the remaining allegations contained in paragraph 37 of the Complaint,

24    and therefore denies said allegations.

25    38.    As to Paragraph 38, Defendant admits that on or about December 8, 2006, Defendant

26    telephoned Plaintiff in an attempt to collect on an account.  Defendant is without sufficient knowledge

27    to form a belief as to the truth of the remaining allegations contained in paragraph 38 of the Complaint,

28    and therefore denies said allegations.

ANSWER TO COMPLAINT - C07 05822PVT

1    39.    As to Paragraph 39, Defendant admits that on or about December 10, 2006, Defendant

2    telephoned Plaintiff in an attempt to collect on an account.  Defendant is without sufficient knowledge

3    to form a belief as to the truth of the remaining allegations contained in paragraph 39 of the Complaint,

4    and therefore denies said allegations.

5    40.    As to Paragraph 40, Defendant admits that on or about December 11, 2006, Defendant

6    telephoned Plaintiff in an attempt to collect on an account.  Defendant is without sufficient knowledge

7    to form a belief as to the truth of the remaining allegations contained in paragraph 40 of the Complaint,

8    and therefore denies said allegations.

9    41.    As to Paragraph 41, Defendant admits that on or about December 11, 2006, Defendant

10    telephoned Plaintiff in an attempt to collect on an account.  Defendant is without sufficient knowledge

11    to form a belief as to the truth of the remaining allegations contained in paragraph 41 of the Complaint,

12    and therefore denies said allegations.

13    42.    As to Paragraph 42, Defendant admits that on or about December 12, 2006, Defendant

14    telephoned Plaintiff in an attempt to collect on an account.  Defendant is without sufficient knowledge

15    to form a belief as to the truth of the remaining allegations contained in paragraph 42 of the Complaint,

16    and therefore denies said allegations.

17    43.    As to Paragraph 43, Defendant admits that on or about December 12, 2006, Defendant

18    telephoned Plaintiff in an attempt to collect on an account.  Defendant is without sufficient knowledge

19    to form a belief as to the truth of the remaining allegations contained in paragraph 43 of the Complaint,

20    and therefore denies said allegations.

21    44.    As to Paragraph 44, Defendant admits that on or about December 12, 2006, Defendant

22    telephoned Plaintiff in an attempt to collect on an account.  Defendant is without sufficient knowledge

23    to form a belief as to the truth of the remaining allegations contained in paragraph 44 of the Complaint,

24    and therefore denies said allegations.

25    45.    As to Paragraph 45, Defendant admits that on or about December 13, 2006, Defendant

26    telephoned Plaintiff in an attempt to collect on an account.  Defendant is without sufficient knowledge

27    to form a belief as to the truth of the remaining allegations contained in paragraph 45 of the Complaint,

28    and therefore denies said allegations.

ANSWER TO COMPLAINT - C07 05822PVT

1    46.    As to Paragraph 46, Defendant admits that on or about December 14, 2006, Defendant

2    telephoned Plaintiff in an attempt to collect on an account.  Defendant is without sufficient knowledge

3    to form a belief as to the truth of the remaining allegations contained in paragraph 46 of the Complaint,

4    and therefore denies said allegations.

5    47.    As to Paragraph 47, Defendant admits that on or about December 14, 2006, Defendant

6    telephoned Plaintiff in an attempt to collect on an account.  Defendant is without sufficient knowledge

7    to form a belief as to the truth of the remaining allegations contained in paragraph 47 of the Complaint,

8    and therefore denies said allegations.

9    48.    As to Paragraph 48, Defendant admits that on or about December 15, 2006, Defendant

10    telephoned Plaintiff in an attempt to collect on an account.  Defendant is without sufficient knowledge

11    to form a belief as to the truth of the remaining allegations contained in paragraph 48 of the Complaint,

12    and therefore denies said allegations.

13    49.    As to Paragraph 49, Defendant admits that on or about December 18, 2006, Defendant

14    telephoned Plaintiff in an attempt to collect on an account.  Defendant is without sufficient knowledge

15    to form a belief as to the truth of the remaining allegations contained in paragraph 49 of the Complaint,

16    and therefore denies said allegations.

17    50.    As to Paragraph 50, Defendant admits that on or about December 18, 2006, Defendant

18    telephoned Plaintiff in an attempt to collect on an account.  Defendant is without sufficient knowledge

19    to form a belief as to the truth of the remaining allegations contained in paragraph 50 of the Complaint,

20    and therefore denies said allegations.

21    51.    As to Paragraph 51, Defendant admits that on or about December 20, 2006, Defendant

22    telephoned Plaintiff in an attempt to collect on an account.  Defendant is without sufficient knowledge

23    to form a belief as to the truth of the remaining allegations contained in paragraph 51 of the Complaint,

24    and therefore denies said allegations.

25    52.    As to Paragraph 52, Defendant admits that on or about December 21, 2006, Defendant

26    telephoned Plaintiff in an attempt to collect on an account.  Defendant is without sufficient knowledge

27    to form a belief as to the truth of the remaining allegations contained in paragraph 52 of the Complaint,

28    and therefore denies said allegations.

ANSWER TO COMPLAINT - C07 05822PVT

53.     As to Paragraph 53, Defendant admits that on or about December 22, 2006, Defendant telephoned Plaintiff in an attempt to collect on an account.  Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 53 of the Complaint, and therefore denies said allegations.

54.     As to Paragraph 54, Defendant admits that on or about December 22, 2006, Defendant telephoned Plaintiff in an attempt to collect on an account.  Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 54 of the Complaint, and therefore denies said allegations.

55.     As to Paragraph 55, Defendant admits that on or about December 23, 2006, Defendant telephoned Plaintiff in an attempt to collect on an account.  Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 55 of the Complaint, and therefore denies said allegations.

56.     As to Paragraph 56, Defendant admits that on or about December 23, 2006, Defendant telephoned Plaintiff in an attempt to collect on an account.  Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 56 of the Complaint, and therefore denies said allegations.

57.     As to Paragraph 57, Defendant denies that it violated the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq., or violated the California Rosenthal Fair Debt Collection Practices ("Rosenthal FDCPA"), California Civil Code §§ 1788, et seq.  Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 57 of the Complaint, and therefore denies said allegations.

58.     As to Paragraph 58, Defendant denies that it violated the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq., or violated the California Rosenthal Fair Debt Collection Practices ("Rosenthal FDCPA"), California Civil Code §§ 1788, et seq.  Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 58 of the Complaint, and therefore denies said allegations.

59.     As to Paragraph 59, Defendant denies that it violated the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq.

ANSWER TO COMPLAINT - C07 05822PVT

60.    As to Paragraph 60, Defendant denies that it violated the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*.

61.    As to Paragraph 61, Defendant denies that it violated the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*.

62.    As to Paragraph 62, Defendant denies that it violated the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*

63.    As to Paragraph 63, Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 63 of the Complaint, and therefore denies said allegations.

64.    As to Paragraph 64, admits that Plaintiff brings her first claim for relief against Defendant under the Federal Fair Debt Collection Practices Act.  All other allegations in paragraph 64 of the Complaint are denied.

65.    As to Paragraph 65, all allegations incorporated by reference in paragraph 65 of the Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

66.    As to Paragraph 66, Defendant lacks information or belief to enable it to admit or deny whether Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3), and on that basis, denies the same. All other allegations in paragraph 66 of the Complaint are denied.

67.    As to Paragraph 67, Defendant admits that under certain circumstances, Defendant may be a "debt collector" as that term is defined in the Fair Debt Collection Practices Act.  All other allegations in paragraph 67 of the Complaint are denied.

68.    As to Paragraph 68, Defendant lacks information or belief to enable it to admit or deny whether Plaintiff's outstanding financial obligation with Sears is a "debt" within the meaning of 15 U.S.C. § 1692a(5).

69.    As to Paragraph 69, Defendant admits that the contents of the Fair Debt Collection Practices Act speaks for itself.  All other allegations contained in paragraph 69 of the Complaint are denied.

/ / / /

1         70.     As to Paragraph 70, Defendant denies that it violated the federal Fair Debt Collection

2 Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*.

3         71.     As to Paragraph 71, Defendant denies that it violated the federal Fair Debt Collection

4 Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*.

5         72.     As to Paragraph 72, Defendant admits that Plaintiff brings her second claim for relief

6 against Defendant under the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§

7 1788-1788.33.  All other allegations in paragraph 72 of the Complaint are denied.

8         73.     As to Paragraph 73, all allegations incorporated by reference in paragraph 73 of the

9 Complaint are admitted and denied in the same manner and to the same extent as said allegations are

10 otherwise admitted and denied herein.

11         74.     As to Paragraph 74, Defendant lacks information or belief to enable it to admit or deny

12 whether Plaintiff is a "debtor" within the meaning of Cal. Civil Code §1788.2, and on that basis, denies

13 the same.   All other allegations in paragraph 74 of the Complaint are denied.

14         75.     As to Paragraph 75, Defendant admits that under certain circumstances, Defendant may

15 be a "debt collector" as the term is defined in the California Civil Code.  All other allegations in

16 paragraph 75 of the Complaint are denied.

17         76.     As to Paragraph 76, Defendant lacks information or belief to enable it to admit or deny

18 whether the financial obligation at issue here is a " consumer debt" within the meaning of Cal. Civil

19 Code §1788.2(f), and on that basis, denies the same. All other allegations in paragraph 76 of the

20 Complaint are denied.

21         77.     As to Paragraph 77, Defendant admits that the contents of the Rosenthal Fair Debt

22 Collection Practices Act speaks for itself.  All other allegations contained in paragraph 77 of the

23 Complaint are denied.

24         78.     As to Paragraph 78, Defendant denies that it violated the federal Fair Debt Collection

25 Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*.

26         79.     As to Paragraph 79, Defendant denies that it violated the federal Fair Debt Collection

27 Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*.

28 / / / /

ANSWER TO COMPLAINT - C07 05822PVT

80.    As to Paragraph 80, Defendant denies that it violated the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*

81.    As to Paragraph 81, Defendant denies that it violated the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*

82.    As to Paragraph 82, Defendant denies that it violated the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*

83.    As to Paragraph 83, Defendant admits that remedies provided by the Rosenthal Fair Debt Collection Practices Act speak for themselves.  All other allegations in paragraph 83 of the Complaint are denied.

84.    As to Paragraph 84, Defendant admits that Plaintiff brings her third claim for relief against Defendant under the common law Invasion of Privacy by Intrusion upon Seclusion.  All other allegations in paragraph 84 of the Complaint are denied.

85.    As to Paragraph 85, all allegations incorporated by reference in paragraph 85 of the Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

86.    As to Paragraph 86, Defendant denies that it violated the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*

87.    As to Paragraph 87, Defendant denies that it violated the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*

88.    As to Paragraph 88, Defendant denies that it violated the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*

89.    As to Paragraph 89, Defendant denies that it violated the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*

90.    As to Paragraph 90, Defendant denies that it violated the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*

91.    As to Paragraph 91, Defendant denies that it violated the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*

////

- 12 -

92.    As to Paragraph 92, Defendant denies that it violated the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*.

93.    All allegations in the Complaint, not otherwise specifically admitted or denied, are denied.

94.    As to Plaintiff's request for relief, Defendant denies that Plaintiff is entitled to any relief whatsoever.

Pursuant to **Federal Rule of Civil Procedure 8(c)**, Defendant sets forth the following matters constituting an avoidance or affirmative defense:

### FIRST AFFIRMATIVE DEFENSE

95.    Defendant alleges that the Complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE

96.    Defendant is informed and believes and thereon alleges that the Complaint, and each cause of action therein, is barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

97.    Defendant is informed and believes and thereon alleges that Plaintiff, herself, was negligent, careless, and/or committed intentional acts, in and about the matters alleged in the Complaint, and said negligence, carelessness and/or intentional acts caused and/or contributed to her injuries and/or damages.

### FOURTH AFFIRMATIVE DEFENSE

98.    Defendant is informed and believes and thereon alleges that other persons and parties were careless and/or negligent, and/or committed intentional acts, and that this carelessness, negligence, or these intentional acts proximately contributed to the happening of the incidents referred to in the Complaint, and to the extent said negligence, carelessness and/or intentional acts caused and/or contributed to injuries and/or damages, then the damages alleged against this Defendant should be reduced or eliminated.

////

////

ANSWER TO COMPLAINT - C07 05822PVT

1

**FIFTH AFFIRMATIVE DEFENSE**

2      99.    Defendant is informed and believes and thereon alleges that Plaintiff failed and

3  neglected to use reasonable care to protect herself and to minimize and/or mitigate the losses and/or

4  damages asserted in the Complaint.

5

**SIXTH AFFIRMATIVE DEFENSE**

6      100.    Defendant alleges that all of its actions were taken in good faith and with a reasonable

7  belief that such actions were legal, appropriate and necessary.  Defendant also acted in good faith from

8  the information provided to it by the original creditor(s) on the account.

9

**SEVENTH AFFIRMATIVE DEFENSE**

10      101.    Defendant is informed and believes and thereon alleges that it has no civil liability

11  under the FDCPA, 15 U.S.C. § 1692, *et seq.*, or Rosenthal FDCPA, pursuant to 15 U.S.C. § 1692k(c)

12  and Civil Code § 1788.30(e) as any violation was unintentional and a bona fide error resulting from the

13  maintenance of procedures reasonably adopted to avoid any such violation.

14

**EIGHTH AFFIRMATIVE DEFENSE**

15      102.    Defendant alleges that Plaintiff's Complaint, and each and every cause of action therein,

16  is barred by the privilege embodied either in Civil Code § 47(c), or arising under federal and state

17  common law.

18

**NINTH AFFIRMATIVE DEFENSE**

19      103.    Defendant alleges that Plaintiff's Complaint, and each and every cause of action therein,

20  is barred by the litigation privilege embodied either in California Civil Code § 47(b)(2) or under state

21  and federal common law.

22

**TENTH AFFIRMATIVE DEFENSE**

23      104.    Defendant alleges that Plaintiff's Complaint, and each and every cause of action therein,

24  is barred by the doctrine of unclean hands.

25

**ELEVENTH AFFIRMATIVE DEFENSE**

26      105.    Defendant alleges that it is entitled to a setoff under Code of Civil Procedure § 431.70

27  against any damages to which Plaintiff claims an entitlement based upon Plaintiff's outstanding

28  obligation.

ANSWER TO COMPLAINT - C07 05822PVT

**TWELFTH AFFIRMATIVE DEFENSE**

106.    This answering Defendant alleges that the representations or statements made by this Defendant were true, accurate at the time made, and/or otherwise were made in good faith and with a reasonable belief as to their truth, validity and accuracy.  Defendant did not make any false or misleading misrepresentations to Plaintiff or anyone else.

**THIRTEENTH AFFIRMATIVE DEFENSE**

107.    Plaintiff did not justifiably rely upon any alleged false or misleading representation.

**FOURTEENTH AFFIRMATIVE DEFENSE**

108.    All amounts attempted to be collected by Defendant are reasonable and lawful pursuant to the common law and/or statutory law of California.

**FIFTEENTH AFFIRMATIVE DEFENSE**

109.    This answering Defendant alleges that it acted lawfully and intended to take any and all action contemplated, as represented to Plaintiff, whether expressly allowed by contract or permitted by law.

**SIXTEENTH AFFIRMATIVE DEFENSE**

110.    Defendant is informed and believes and thereon alleges that statutory and common law immunities apply to the acts and/or omissions complained of in the Complaint on file herein.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

111.    Defendant alleges that Plaintiff's Complaint, and each and every cause of action therein, is barred by the doctrine of estoppel and/or waiver.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

112.    This answering Defendant alleges that any acts attributed to this Defendant was performed in good faith in conformity with advisory opinions of the Federal Trade Commission pursuant to 15 U.S.C. § 1692k(e).

**NINETEENTH AFFIRMATIVE DEFENSE**

113.    Defendant alleges that with respect to Plaintiff's alleged claim for punitive damages, the decisions of law allowing recovery of punitive damages, if applied in this case, would contravene the Defendant's constitutional rights to substantive and procedural due process of law as preserved for this

ANSWER TO COMPLAINT - C07 05822PVT

1   Defendant by the Fourteenth Amendment of the United States Constitution, and further would

2   constitute a denial by this Court of this Defendant's constitutional right to equal protection under the

3   law as provided by the Fourteenth Amendment; and further would constitute cruel and unusual

4   punishment, as well as an excessive fine as proscribed by the Eighth Amendment; and further would

5   constitute a taking of private property for public use without just compensation, and such taking would

6   contravene this Defendant's constitutional rights preserved by the Fourteenth Amendment.

7                            **TWENTIETH AFFIRMATIVE DEFENSE**

8          114.    This answering Defendant hereby alleges the following affirmative defenses, including,

9   but not limited to, those set forth in **Federal Rule of Civil Procedure 8(c)**, so as not to waive them at

10  this time:   assumption of risk, contributory negligence, duress, failure of consideration, fraud,

11  illegality, license, failure to join an indispensable party, and abatement.

12                          **TWENTY-FIRST AFFIRMATIVE DEFENSE**

13         115.    Defendant presently has insufficient knowledge or information on which to form a

14  belief as to whether Defendant may have additional, as yet unstated, defenses available.   Defendant

15  reserves herein the right to assert additional defenses in the event discovery indicates that they would

16  be appropriate.

17  ////

18  ////

19  ////

20  ////

21  ////

22  ////

23  ////

24  ////

25  ////

26  ////

27  ////

28  ////

ANSWER TO COMPLAINT - C07 05822PVT

**WHEREFORE**, Defendant prays for:

1.    That Plaintiff takes nothing from this answering Defendant by this Complaint;

2.    That Defendant be awarded judgment in this action;

3.    For attorney's fees incurred herein, pursuant to statute;

4.    For costs of suit incurred herein; and

5.    For such other and further relief as the Court deems proper.

Dated: December 12, 2007

Ellis, Coleman, Poirier, LaVoie, & Steinheimer LLP

By _Wendy D. Vierra_

Wendy D. Vierra
Attorneys for Defendant
National Enterprise Systems, Inc.

ANSWER TO COMPLAINT - C07 05822PVT

1

2 **CERTIFICATION PURSUANT TO LOCAL RULE 3-16**

3
    Pursuant to Civil Local Rule 3-16, the undersigned certifies that as of this date, other than the
4
named parties, there is no such interest to report.
5
Dated: December 12, 2007
6                                                Ellis, Coleman, Poirier, LaVoie, & Steinheimer LLP

7

8                                    By _Wendy D. Vierra_____
                                            Wendy D. Vierra
9                                            Attorneys for Defendant
                                            National Enterprise Systems, Inc.
10

11

12 **DEMAND FOR JURY TRIAL**

13    Defendant National Enterprise Systems, Inc. hereby demands a jury trial in this matter.

14

15 Dated: December 12, 2007
                                                Ellis, Coleman, Poirier, LaVoie, & Steinheimer LLP
16

17
                                    By _Wendy D Vierra_____
18                                          Wendy D. Vierra
                                            Attorneys for Defendant
19                                          National Enterprise Systems, Inc.

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2      I, Nichole M. Pruitt, declare:

3      I am a citizen of the United States, am over the age of eighteen years, and am not a party to or

4  interested in the within entitled cause.  My business address is 701 University Avenue, Suite 150,

5  Sacramento, CA 95825.

6      On December 12, 2007, I served the following document(s) on the parties in the within action:

7                                **ANSWER TO COMPLAINT**

8

| X | **VIA ELECTRONIC SERVICE:**  The above-described document(s) will be delivered electronically through the Court's ECF/PACER electronic filing system, as stipulated by all parties to constitute personal service, to the following: |
|---|---|

9

10

11  **Fred W. Schwinn**                    Attorney For : Plaintiff: Eveline Henriette
   Consumer Law Center, Inc.            Rosenberry
12  12 South First Street
   Suite 1014
13  San Jose, CA 95113-2403
14  408-294-6100
   Fax: 408-294-6190
15  Email: fred.schwinn@sjconsumerlaw.com

16

17      I declare under penalty of perjury under the laws of the State of California that the foregoing is

18  a true and correct statement and that this Certificate was executed on December 12, 2007.

19

20                           By _____
                                Nichole M. Pruitt
21

22

23

24

25

26

27

28

- 19 -