Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
EVELINE HENRIETTE ROSENBERRY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| EVELINE HENRIETTE ROSENBERRY,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL ENTERPRISE SYSTEMS, INC., an Ohio corporation,<br><br>Defendant. | Case No.  C07-05822-PVT<br><br>**JOINT CASE MANAGEMENT STATEMENT AND FEDERAL RULE OF CIVIL PROCEDURE 26(f) DISCOVERY PLAN**<br><br>Date:          March 4, 2008<br>Time:         2:00 p.m.<br>Judge:        Honorable Patricia V. Trumbull<br>Courtroom: 5, 4th Floor<br>Place:         280 South First Street<br>                   San Jose, California |

The parties in the above-entitled action hereby submit this Joint Case Management Statement and Federal Rule of Civil Procedure 26(f) Discovery Plan for the initial case management conference to be conducted in this matter on March 4, 2008, at 2:00 p.m.  The parties jointly request that the Court enter a Case Management Order in this case, based on the parties discovery plan outlined in this document, without a Case Management Conference.

**1.    Jurisdiction and Service**

The basis for the Court's subject matter jurisdiction is federal question jurisdiction.  No parties remain to be served.

**2.    Statement of Facts**

    **a.    Plaintiff's Statement**

1   This case is brought by an individual consumer to address Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.33 (hereinafter "RFDCPA"). The violations stem from Defendant's communications attempting to collect two disputed consumer debts from Plaintiff. Correspondence between the parties has been attached to the Complaint as exhibits. Plaintiff also seeks actual damages, punitive damages and treble damages for Defendant's invasion of Plaintiff's privacy.

Generally, Plaintiff is a senior citizen who owed a financial obligation which was sold, assigned or otherwise transferred to Defendant (hereinafter "the debt") for collection from Plaintiff. Thereafter, Defendant began a debt collection campaign using collection letters and repeated telephone calls to Plaintiff at her home.

Altogether, Defendant placed at least 39 telephone calls to Plaintiff's home and recorded messages on Plaintiff's answering machine over a period of 25 calendar days. Each answering machine message left by Defendant violates 15 U.S.C. §§ 1692d(5), 1692e, 1692e(2)(A) and 1692e(10), and Cal. Civil Code §§ 1788.11(d), 1788.11(e), and 1788.17.

Defendant failed to disclose Defendant's identity and the nature of Defendant's business in each of the answering machine messages, in violation of 15 U.S.C. § 1692d(6) and Cal. Civil Code § 1788.11(b). See *Hosseinzadeh v. M.R.S. Associates, Inc.,* 387 F. Supp. 2d 1104, 1112 & 1118 (C.D. Cal. 2005).

Defendant also failed to disclose that the answering machine messages were communications from a debt collector, in violation of 15 U.S.C. § 1692e(11). See *Hosseinzadeh v. M.R.S. Associates, Inc.,* 387 F. Supp. 2d 1104, 1116 (C.D. Cal. 2005); *Foti v. NCO Financial Systems, Inc.,* 424 F. Supp. 2d 643, 669 (S.D.N.Y. 2006).

As a consequence of Defendant's collection activities and communications, Plaintiff has suffered economic loss, loss of self esteem and peace of mind, and has suffered substantial economic distress, humiliation and embarrassment.

**b.     Defendant's Statement**

The collection account was referred to Defendant on November 28, 2006 from Resurgent

Capital Services, LP in the amount of $1,418.72. The initial communication letter was mailed to Plaintiff on November 28, 2006. Defendant attempted to collect on the account from November 28, 2006 through February 3, 2007. Defendant, however, never spoke directly with Plaintiff during its collection attempts. Both Defendant's Collectors and automated call system attempted to contact Plaintiff via telephone leaving messages on Plaintiff's answering machine. Defendant's Collectors placed a total of six (6) calls to Plaintiff. All of the remaining collection calls were placed by Defendant's automated call system. On December 27, 2006, Defendant received a cease and desist letter from Plaintiff disputing the debt and refusing to pay on the account. Subsequently, the account was recalled.

**3.     Legal Issues**

The principal legal issues which the parties dispute:

a.  Whether Defendant falsely represented the legal status of the debt owed by Plaintiff, in violation of 15 U.S.C. § 1692e(2)(A) and Cal. Civil Code § 1788.17;

b.  Whether Defendant caused Plaintiff's telephone to ring repeatedly or continuously with the intent to annoy, abuse, or harass Plaintiff, in violation of 15 U.S.C. § 1692d(5), and Cal. Civil Code §§ 1788.11(d) and 1788.17;

c.  Whether Defendant caused Plaintiff's telephone to ring with such frequency as to be unreasonable and constitute harassment to Plaintiff under the circumstances, in violation of 15 U.S.C. § 1692d(5), and Cal. Civil Code §§ 1788.11(e) and 1788.17;

d.  Whether Defendant failed to disclose Defendant's identity and the nature of Defendant's business, in violation of 15 U.S.C. § 1692d(6), and Cal. Civil Code §§ 1788.11(b) and 1788.17;

e.  Whether Defendant designed its telephone messages to instill a false sense of urgency in the listener, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and Cal. Civil Code § 1788.17;

f.  Whether Defendant failed to disclose that the communications were from a

        debt collector, in violation of 15 U.S.C. § 1692e(11), and Cal. Civil Code §§ 1788.11(b) and 1788.17; and

g. Whether Defendant's use of an automated device which repeatedly caused Plaintiff's telephone to ring resulted in an invasion of Plaintiff's privacy by and intrusion upon Plaintiff's reasonable expectation of seclusion;

h. Whether Defendant's negligent failure to conform collection activities to the standard of conduct set forth in the FDCPA and RFDCPA was the proximate or legal cause of the resulting injuries to Plaintiff;

i. Whether Defendant violated a statutory duty to Plaintiff as set forth in the FDCPA and RFDCPA, and is thereby liable for Plaintiff's damages under the doctrine "tort-in se";

j. Whether Defendant acted with malice, oppression of fraud.

**4.    Motions**

There are no motions pending at this time. Plaintiff will file a motion for leave to file an Amended Complaint. Plaintiff will likely file a motion or motions for summary judgment or partial summary judgment.

**5.    Amendment of Pleadings**

Each party may file an amended pleading without further stipulation.

**6.    Evidence Preservation**

Plaintiff will propose a protective order to govern production of confidential material in the litigation.

Defendant has directed its relevant employees to preserve all documents, in paper or electronic form, related to the subject matter if this case.

**7.    Disclosures**

    **a.    Plaintiff's Statement**

Plaintiff served formal written disclosures on February 1, 2008, as required by Fed. R. Civ. P. 26(a)(1).

/ / /

     **b.**    **Defendant's Statement**

Defendant served written disclosures on February 13, 2008, as required by Fed. R. Civ. P. 26 (a)(1).

**8.**    **Discovery**

**Plaintiff's Discovery:** Plaintiff will serve Interrogatories and Requests for Production of Documents shortly. At this time and without the benefit of Defendant's initial disclosures, Plaintiff anticipates that he may require up to 10 depositions in this matter.

**Defendant's Discovery:**

Defendant will serve Interrogatories and Requests for Production of Documents in time for all discovery to be completed by October 31, 2008. Defendant anticipates that it will require the deposition of Plaintiff Eveline Rosenberry.

**9.**    **Class Actions**

This case is not a class action. Plaintiff reserves the right to seek leave of the Court to file an amended Complaint containing class allegations.

**10.**   **Related Cases**

The parties are not aware of any related cases at this time.

**11.**   **Relief**

     **a.**    **Plaintiff's Statement**

Plaintiff requests that this Court:

       i.    Declare that Defendant's answering machine messages violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d(5), 1692d(6), 1692e, 1692e(2)(A), 1692e(10) and 1692e(11);

      ii.   Declare that Defendant's answering machine messages violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.11(b), 1788.11(d), 1788.11(e) and 1788.17;

      iii.  Declare that Defendant's repeated telephone calls resulted in an invasion of Plaintiff's privacy and intrusion upon Plaintiff's reasonable expectation of seclusion;

    iv.    Award Plaintiff her actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civil code § 1788.30(a);

    v.    Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    vi.    Award Plaintiff a statutory penalty in an amount not less than $100, nor greater than $1,000, pursuant to Cal. Civil Code § 1788.30(b);

    vii.    Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code § 1788.17;

    viii.    Award Plaintiff her actual damages and punitive damages in an amount to be determined at trial for Defendant's invasions of Plaintiff's privacy;

    ix.    Award Plaintiff her actual and punitive damages in an amount to be determined at trial for Defendant's negligent collection practices;

    x.    Award Plaintiff her actual damages and punitive damages in an amount to be determined at trial under the doctrine of tort-in-se;

    xi.    Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17 and 1788.30(c);

    xii.    Award Plaintiff treble damages pursuant to Cal. Civil Code § 3345; and

    xiii.    Award Plaintiff such other and further relief as may be just and proper.

**b.     Defendant's Statement**

Although Defendant does not ask for damages at this time, Defendant does not waive the right to seek attorney fees and costs from Plaintiff at a later time.

///

**12.   Settlement and ADR**

Parties have filed a <u>Joint ADR Stipulation and Proposed Order</u> selecting Mediation as the ADR process in this case.

**13.   Consent to Magistrate Judge for All Purposes**

Plaintiff has consented to a Magistrate Judge for all purposes.

**14.   Other References**

None at this time.

**15.   Narrowing of Issues**

The Parties anticipate that resolution of motions may narrow the issues for determination.

**16.   Expedited Schedule**

The parties do not believe that an expedited schedule is necessary.

**17.   Scheduling**

| | |
|---|---|
| Initial Case Management Conference | March 4, 2008 |
| Close of Fact Discovery | October 31, 2008 |
| Fed. R. Civ. P. 26(a)(3) Disclosures | November 14, 2008 |
| Last Day to File Dispositive Motions | December 23, 2008 |
| Opposition to Dispositive Motions | January 6, 2009 |
| Replies to Dispositive Motions | January 13, 2009 |
| Hearing on Dispositive Motions | January 27, 2009, at 10:00 a.m. |
| Final Pre-Trial Conference | February 24, 2009, at 2:00 p.m. |
| Jury Trial | March 16, 2009, at 9:30 a.m. |

**18.   Trial**

The parties anticipate that the action can be ready for trial in March, 2009.

Estimated length of trial is 3-5 days.

**19.   Disclosure of Non-Party Interested Entities or Persons**

   **a.   Plaintiff's Statement**

Pursuant to Civil L.R. 3-16, Plaintiff states, on information and belief, that the following listed persons, associations of persons, firms, partnerships, corporations (including parent

1   corporations) or other entities (i) have a financial interest in the subject matter in controversy or in
2   a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that
3   could be substantially affected by the outcome of this proceeding:
4         i.    Eveline Henriette Rosenberry, an individual residing in Mountain
5             View, California.
6   **b.    Defendant's Statement**
7   Pursuant to Civil L.R. 3-16, Defendants state, on information and belief, that the following
8   listed persons, associations of persons, firms, partnerships, corporations (including parent
9   corporations) or other entities (i) have a financial interest in the subject matter in controversy or in
10  a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that
11  could be substantially affected by the outcome of this proceeding:
12        i.    National Enterprise Systems, Inc.
13  **20.    Other Matters**
14  None at this time.

16  Dated: February 26, 2008        /s/ Fred W. Schwinn
                                     Fred W. Schwinn, Esq.
17                                         Attorney for Plaintiff
                                       EVELINE HENRIETTE
18                                         ROSENBERRY

20  Dated: February 26, 2008        /s/ Mark E. Ellis
                                       Mark E. Ellis, Esq.
                                       Attorney for Defendant
21                                         NATIONAL ENTERPRISE
                                       SYSTEMS, INC.